UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| GEORGE D. SEWARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-134-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MINNESOTA MINING AND | ) | **MEMORANDUM OPINION** |
| MANUFACTURING CO., et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiff's motion to remand this matter to the Letcher Circuit Court [Record No. 8], Minnesota Mining and Manufacturing Company's ("Minnesota Mining") motion for remand-related discovery [Record No. 10], the Plaintiff's motion to withdraw notification [Record No. 17], and Minnesota Mining's motion for leave to file a sur-reply [Record No. 24]. This case involves allegedly defective coal dust masks. Plaintiff is suing the manufacturers and retailers of the masks he used. The manufacturing defendants are American Optical Corporation ("American Optical") and Minnesota Mining. The retail defendants are Mine Service Company, Inc. ("MSC") and Kentucky Mine Supply Company ("KMSC").

The two retail defendants are Kentucky citizens, *i.e.*, MSC and KMSC (collectively referred to as "the Kentucky Defendants"), and their presence destroys this Court's diversity jurisdiction. American Optical argues that the Kentucky Defendants have been fraudulently joined because the Kentucky Middleman Statute, K.R.S. § 411.340, forecloses any liability

-1-

against the Kentucky Defendants. The Kentucky Defendants themselves, however, have not moved for dismissal or summary judgment and have not contested the Plaintiff's motion to remand.

The Court addressed these issues in a companion case, *Carlos Adams v. Minnesota Mining and Manufacturing Co.*, No. 6: 04-521. [No. 6:04-521, Record No. 19] In that case, the Court granted American Optical's motion to sever and the Plaintiffs' motion to remand, in part, but held the Order in abeyance, pending limited discovery and briefing regarding the connection between individual Plaintiffs and the Kentucky Defendants. American Optical and Minnesota Mining argued that the Kentucky Defendants were fraudulently joined to defeat federal diversity jurisdiction.

Following limited discovery, the Plaintiffs contended that 162 Plaintiffs had established a sufficient link to the Kentucky Defendants. Two of the manufacturing Defendants (Minnesota Mining and American Optical), however, argued that no more than eleven Plaintiffs had stated colorable claims against the Kentucky Defendants. The Court noted that the Kentucky Defendants: did not provide complete information during the limited discovery period; did not move for dismissal or summary judgment; and did not oppose the Plaintiffs' method for severance, the Court concluded that the individual Plaintiffs, whose claims could be traced to the Kentucky Defendants through their employers, were entitled to proceed against the Kentucky Defendants and thus their claims should be severed and remanded. [No. 6:04-521, Record No. 30]

In the instant matter, the Plaintiffs, utilizing discovery from the *Adams* case, has linked his claims to both Kentucky Defendants through his previous employers. (Complaint, Ex. 1).

## I.     BACKGROUND

The Plaintiff is a coal miner who allegedly suffers from black lung disease. He worked in coal mines in Kentucky and used various respirators designed to reduce harmful coal dust from entering one's lungs. The respirators were manufactured by the two manufacturing defendants. Plaintiff claims that the respirators were defective, causing coal dust to enter his lungs. He claims that this defect led to his contraction of black lung disease. The Kentucky Defendants were not involved in manufacturing the masks; rather, they simply sold them. The Kentucky Defendants were incorporated in Kentucky and have their principal place of business in Kentucky. Thus, their presence defeats diversity jurisdiction because the Plaintiff is a Kentucky citizen.

## II.    LEGAL ANALYSIS

During the limited discovery period in 6: 04-521, the Plaintiffs sought discovery from the Kentucky Defendants and several Defendants sought discovery from the Plaintiffs. The Plaintiffs sought information from the Kentucky Defendants regarding their supply of masks to the relevant employers. In addition, Minnesota Mining and American Optical sought discovery from the Plaintiffs regarding their past work history.

The parties principally disagree on the amount of proof necessary for the Plaintiff to demonstrate a sufficient causal nexus between himself and at least one of the Kentucky Defendants. The Plaintiff argues that evidence linking his previous employers with the

Kentucky Defendants is sufficient. Minnesota Mining essentially argues that he must personally remember the name of his mask supplier in order to establish sufficient causation.

At the outset, it is important to note that the burden of establishing jurisdiction is upon the defendant as the removing party. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993); *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 330 (6th Cir. 1989). In *Coyne v. The Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999), the Sixth Circuit explained the relevant considerations in analyzing a claim of fraudulent joinder, noting that:

> the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

It should be further noted that:

> [t]his court has a responsibility to accept jurisdiction in all proper cases. [However,] [i]t has a greater obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to litigants who have chosen it as a forum. Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.

*Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967).

The crucial question is whether the Plaintiff has sufficient proof of causation against either Kentucky Defendants, such that a Kentucky court would conclude that the Kentucky Defendant was a proper party to the case. Minnesota Mining argues that the Plaintiff must show that a Kentucky Defendant supplied masks to his employer at the time the Plaintiff was

-4-

employed at that mine and must also show that no other masks were used.  While this type of causation evidence might be necessary at trial, at these early stages of the proceedings, the Plaintiff does not have to make such a strong showing.  He must only show that he has a "colorable claim" that he *may* recover against a Kentucky Defendant.  Further, the Plaintiff was unable to produce more complete causation data due to the failure of the Kentucky Defendants to produce complete discovery during the limited discovery period in 6: 04-521.  *See, e.g.,* American Optical's Response to Plf.'s Mot. to Remand in 6: 05-283 ("According to [KMS's] discovery requests in [6:04-521], it may have sold respiratory protection products to Lone Mountain Processing.  However, Kentucky Mine Supply has not identified the brands of respiratory protection products it may have sold to Lone Mountain.").  The Court cannot conclude that the Plaintiff's "linkage data" is insufficient when the insufficiency is due largely to the Kentucky Defendants' failure to produce complete discovery.

The Plaintiff has connected his claim to both Kentucky Defendant through a connection between his employers and both Kentucky Defendants.  In addition, he has established that the type of mask he used was one sold by a Kentucky Defendant.  And, the Plaintiff has identified his employment history and corresponding Kentucky Defendant supplier. (Complaint, Ex. 1).

### III. CONCLUSION

The Kentucky Defendants have not briefed the issue of remand and have not moved to be dismissed from the case. Clearly, if the Plaintiff's connection to the Kentucky Defendants was so tenuous as to fail his minimal burden of showing a "colorable basis" that he *may* recover, it would seem that the Kentucky Defendants would have moved for dismissal.  Thus, for the

reasons more fully stated in Record Numbers 19 and 30 in *Carlos Adams v. Minnesota Mining and Manufacturing Co.*, 6:04-521, and for the reasons stated herein, it is hereby

**ORDERED** as follows:

(1) The Plaintiff's motion to remand [Record No. 8] is **GRANTED** and this case is **REMANDED** to the Letcher Circuit Court;

(2) Minnesota Mining's motion for remand-related discovery [Record No. 10] is **DENIED** for lack of subject matter jurisdiction;

(3) The Plaintiff's motion to withdraw notification is **DENIED** as moot [Record No. 17];

(4) Minnesota Mining's motion for leave to file a sur-reply [Record No. 24] is **DENIED**; and

(5) The Clerk is directed to attach a copy of Record Nos. 19 and 30 from 6: 04-521 as exhibits to this Memorandum Opinion and Order.

This 22nd day of July, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge